**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **MATTHEW PHILLIPS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 3:24-cv-00441** |
| ) | |
| **ROBERT MCCRAW, and** ) | |
| **MOVING DEPOT LLC,** ) | |
| ) | |
| **Defendants.** ) | |

### <u>MEMORANDUM OPINION</u>

This motor vehicle injury case presents a straightforward—but unresolved—question of Tennessee negligence law. When an employer accepts liability for the actions of its employee and 100% fault for damages, may a plaintiff proceed with direct negligence claims against the employer separate from a vicarious liability claim? This Court concludes that the answer is no because no fault remains to be allocated. When all liability has been conceded or accepted by the employer, the only issue that remains is the amount of damages. Moving Depot LLC's ("Moving Depot") partial motion for summary judgment (Doc. No. 100) will be granted. The Court will enter judgment on liability.

### I. FACTUAL BACKGROUND

#### A. <u>Undisputed Facts</u>

On August 18, 2022, Robert McCraw was driving Moving Depot's box truck on Interstate 65 in Millersville within the scope of his employment with Moving Depot. (Doc. No. 104 ¶¶ 1-2, 6). While doing so, he struck the rear of Matthew Phillips's vehicle. (<u>Id.</u> ¶¶ 3-4). Phillips seeks compensatory damages arising from the accident. (Doc. No. 15 at 9).

### B.    Procedural History

Phillips initially sued only Moving Depot and McCraw.  (Doc. No. 1).  Moving Depot and McCraw answered and asserted comparative fault against several additional parties, whom Phillips then named as Defendants in his First Amended Complaint.  (Doc. No. 15).  Those Defendants—Ahmed H. Ahmed, Mohamud Warsame, Freight Links Transport, Adam Ahmed Bakht, and Rahl Trucking, LLC—have since been voluntarily dismissed by the parties.  (Doc. Nos. 89, 95). Moving Depot and McCraw are the only remaining Defendants.

After discovery, Moving Depot and McCraw amended their answer, making two additional admissions.  First, they admit that McCraw was negligent and was acting within the scope of his employment when the accident occurred.  (Doc. No. 86 ¶ 46).  Second, they admit that they are 100% at fault for Phillips's compensatory damages, provided "such claimed damages are sufficiently proven to be causally, reasonably, and necessarily related to the subject accident." (Id.).  Phillips prays only for "compensatory damages" and "costs," not punitive damage, in the First Amended Complaint.  (Doc. No. 15 at 9).

## II.    LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts."  Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003).  In deciding a motion for summary judgment, the Court generally reviews all the evidence, facts, and inferences in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).  The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter, and instead determines only

2

whether the evidence presented reveals a disputed material issue of fact for the jury to decide. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

III.    ANALYSIS

The parties' dispute centers on application of the holding in Binns v. Trader Joe's E., Inc., 690 S.W.3d 241 (Tenn. 2024). In Binns, a customer sued a grocery store after slipping on a spill created by the store's employee. Binns, 690 S.W.3d at 244. The plaintiff alleged direct negligence claims—premises liability, negligent training, negligent supervision—against the store, as well as a vicarious liability claim. Id. at 244-45. The store admitted that it was vicariously liable for the employee's conduct, but denied fault. Id. at 245. The store then moved for partial judgment on the pleadings on the direct negligence claims based on the so-called "preemption rule." Under that rule, a plaintiff may not concurrently pursue both a direct liability and vicarious liability claim against the same employer. Id.

The Tennessee Supreme Court held "that a plaintiff may proceed with a direct negligence claim against an employer even after the employer admits to being vicariously liable for the actions of its employee" because, under those circumstances, the preemption rule is "incompatible with Tennessee's system of comparative fault." Id. at 253. Under Tennessee's modified comparative fault system, the court explained, the factfinder must allocate fault among all parties involved in an injury. Id. at 249. A plaintiff may recover only if his fault is less than the combined fault of all tortfeasors. Id. When an employer is only vicariously liable, the court noted, the factfinder doesn't have to compare fault between employer and employee. Id. at 250. That is so because vicarious liability is simply "a legal rationale for holding a master responsible for a tort committed by his

servant." Id. (citation omitted).  But when a plaintiff alleges both vicarious and direct liability, the court observed, the factfinder still must allocate fault between plaintiff, employer and employee because "direct negligence claims involve an employer's own negligence, not only the underlying negligence of its employee."  Id. at 251.  In that situation, the court concluded, "the preemption rule would permit an employer to eliminate evidence of a breach of duty separate from the negligence of its employee, a clear inconsistency with Tennessee's system of comparative fault that seeks to achieve a tighter fit between liability and fault."  Id. (internal quotations and citation omitted).

The court noted additional concerns about adopting the preemption rule.  The preemption rule, it reasoned, conflicts with the principle that plaintiffs are the masters of their complaints and may plead alternative theories of recovery.  Id. at 253.  The rule would also permit employers to exclude evidence of their own direct negligence from reaching the factfinder—a particular concern when the employer's conduct is egregious and worthy of deterrence.  Id.  Both concerns presuppose that there is fault left to allocate.

Two points about the holding in Binns are important.  First, Binns limited its holding only to when an employer "admits to being vicariously liable for the actions of its employee."  Id.  In Binns, there remained a gap between the employer's concession of vicarious liability and the allocation of fault between the parties.  So the court said nothing about what happens when the employer also admits or accepts 100% of the fault.  Second, Binns based its rejection of the preemption rule on its incompatibility with Tennessee's comparative fault system when that gap exists.

But the gap in Binns is not present here.  Moving Depot accepts both vicarious liability and 100% liability for Phillips's compensatory damages.  (SUMF ¶¶ 5-7).  Moving Depot argues that

4

under these circumstances, <u>Binns</u>'s rationale is inapplicable, and the direct negligence claims cannot proceed. (Doc. No. 101 at 3-6; Doc. No. 106 at 1-3). Phillips disagrees. (Doc. No. 103 at 3-4).

Neither party cites, nor is the Court aware of, any case addressing whether a direct negligence claim against an employer is foreclosed when the employer admits both vicarious liability and accepts 100% fault for damages. The Court has reviewed every case to date citing <u>Binns</u>. Of those twenty-one cases, only two have applied its preemption-rule holding, but they did so in the same posture as <u>Binns</u>—i.e., when an employer admitted vicarious liability, but fault remained to be allocated. <u>See</u> <u>Weaver v. Cox Transp. Servs., Inc.</u>, 2025 WL 368569, at *5 (W.D. Tenn. Jan. 29, 2025); <u>Davis v. Sunrise Transp. Express, Inc.</u>, 2024 WL 2750943, at *2 (M.D. Tenn. May 29, 2024). The remaining cases cite <u>Binns</u> for general propositions about comparative fault allocation, <u>e.g.</u>, <u>Easley v. City of Memphis</u>, 2025 WL 18632, at *10 (Tenn. Ct. App. Jan. 2, 2025); the elements of negligent hiring or premises liability claims, <u>e.g.</u>, <u>Bolivar v. HMD Trucking, Inc.</u>, 2026 WL 445785, at *4 (E.D. Tenn. Feb. 17, 2026); or unrelated principles such as the concept that a plaintiff is the master of the complaint, <u>e.g.</u>, <u>Kotova v. True</u>, 2026 WL 380312, at *3 (Tenn. Ct. App. Feb. 11, 2026). None address whether the preemption rule applies when the employer admits both vicarious liability and accepts 100% fault for damages.

The Court concludes that the rationale in <u>Binns</u> leading to rejection of the preemption rule—that the rule is inconsistent with Tennessee's comparative fault system—is inapplicable here for two reasons. First, no fault remains to be allocated. Second, all of the fault for damages is allocated to and accepted by Moving Depot. Because <u>Binns</u> does not extend to these facts, and the only determination remaining for trial is damages, the Court will grant Moving Depot's partial motion for summary judgment.

5

**1.      No Fault Remains to Be Allocated**

Moving Depot and McCraw admit and accept 100% fault for damages.  (Doc. No. 86 ¶ 46).  All other Defendants have been dismissed.  Phillips's comparative share is zero.  Binns's primary concern—that removing the employer's direct negligence may push the plaintiff's share above the 50% fault threshold—does not apply here.

Binns illustrated that concern by positing a hypothetical plaintiff who is 40% at fault, an employee who is 15% at fault (with the employer vicariously liable for that portion), an employer who is 30% at fault for its direct negligence, and a separate defendant who is 15% at fault.  Binns, 690 S.W.3d at 251.  In that situation, the court observed that removing the employer's 30% of fault forces the jury to reallocate that share without ever hearing evidence of the employer's independent negligence.  Id.  That redistribution, the court noted, could push the plaintiff's share of fault above the 50% threshold.  Id. at 251-52.

Consider a version of that hypothetically modified to fit this case: no matter what, Phillips's fault is 0%, and McCraw and Moving Depot's fault is 100%.  There is no fault to be allocated to.  Even if Moving Depot were independently negligent in hiring or training McCraw, that negligence would not change the fault allocation: Moving Depot is already liable for the full amount of whatever compensatory damages the jury awards.  The "tighter fit between liability and fault" central to Tennessee's modified comparative fault system is already as tight as it can be.  See id. at 251.

**2.      The Direct Negligence Claims Are Redundant**

The Court agrees with Binns that plaintiffs, as masters of their complaint, should be permitted to plead alternative theories of relief against the same defendant.  Id. at 253.  But here, when the employer admits vicarious liability and accepts 100% fault for damages, pleading

alternative direct negligence claims accomplishes nothing. Assume that only the vicarious liability claim proceeds to trial. Phillips presents evidence only of McCraw's liability. Moving Depot is on the hook for whatever damages the jury awards. Now assume both claims proceed. Phillips presents the same evidence and offers additional evidence that Moving Depot failed to train, supervise, or properly hire McCraw. Even if the jury found Moving Depot liable on both the vicarious liability and direct negligence claims, the damages determination remains the same. No matter what, Moving Depot is fully on the hook for the same jury award. So the direct negligence claims generate additional testimony and trial time, but they have no bearing on the ultimate outcome.

### 3. The Direct Negligence Claims Do Not Serve Any Further Deterrent Purpose

The court in <u>Binns</u> worried that the preemption rule would be inconsistent "with the goal of deterrence in tort law" because it would permit "especially blameworthy employers to prevent egregious evidence of negligent training and supervision from being considered by the fact finder." <u>Id.</u> The Court wholeheartedly agrees with that concern. But tort law, for the most part, achieves its deterrent purpose through the imposition of damages, not through the public airing of evidence of bad conduct in and of itself. The introduction of that evidence here, when Moving Depot already concedes 100% liability for damages (Doc. No. 86 ¶ 46), and Phillips does not seek punitive damages (Doc. No. 15 at 9), would not serve any further deterrent purpose.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Moving Depot's partial motion for summary judgment. (Doc. No. 100). Judgment will be entered on liability, and the only remaining issue for trial will be damages.

An appropriate order will enter.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE